JODI LINKER, Bar No. 230273
Federal Public Defender
Northern District of California
CANDIS MITCHELL, Bar No. 242797
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:  (415) 436-7700
Facsimile:  (415) 436-7706
Email:  Candis_Mitchell@fd.org

Counsel for Defendant Rollins

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **United States of America,**<br><br>Plaintiff,<br><br>v.<br><br>**Ricky Norman Rollins,**<br><br>Defendant. | **Case No.:** CR 24–064 WHA<br>         CR 05-167 WHA<br><br>**Defendant's Sentencing Memorandum**<br><br>**Court:**         Courtroom 12, 19th Floor<br>**Hearing Date:**  May 27, 2025<br>**Hearing Time:**  11:00 a.m. |

INTRODUCTION

Ricky Rollins is a man who, despite his past transgressions, has demonstrated a commitment to change and growth. He comes before this Court for sentencing on a charge of Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1) and for violation of his supervised release. While acknowledging the severity of his offense, we respectfully urge the Court to consider the totality of Mr. Rollins's life, the circumstances surrounding his criminal conduct, and the positive steps he has taken towards rehabilitation in the imposition of a sentence that is fair and just. He requests that the Court impose a concurrent total sentence of time served for violation of his conditions of supervised release and for his new charges. Such a sentence is appropriate based on the

factors delineated in 18 U.S.C. § 3553(a) and reflects both the need for public safety and the potential for Mr. Rollins to lead a law-abiding productive life going forward.

Though he was placed into federal custody on February 8, 2024,[1] Mr. Rollins has been in continuous custody since November 8, 2023, when he was arrested for the charged conduct by the San Francisco police department. On May 27, 2025, Mr. Rollins will have been in custody 18 months and 19 days. In light of the continuous time Mr. Rollins has served in custody, he is requesting a time-served sentence.

## SENTENCING GUIDELINES

In sentencing Mr. Rollins, this Court must consider the directives set forth in 18 U.S.C. § 3553(a); the Guidelines are only one factor among many to be considered by the Court.[2] For the new criminal charges associated with CR 24-064, according to the Presentence Report (PSR) Guidelines calculation his total offense level would be 14 with a Criminal History Category of II—resulting in an advisory guideline range of 12-18 months. For the violation of supervised release associated with CR 05-167, the Guidelines with a grade B violation would be 8-14 months.

1. **Mr. Rollins's proposed Guideline calculations**

```
Base Offense Level, U.S.S.G. § 2K2.1(a)(4)(A) ............................................... 14
Acceptance of Responsibility, U.S.S.G. § 3E1.1 ............................................. -2
Criminal History Category ............................................................................... II
Guideline Range ............................................................................... 12-18 months

Mr. Rollins' Request, CR 24-064....................... time served, 3 years supervised release
Mr. Rollins' Request, CR 05-167....................... time served, no supervision to follow
```

The felon in possession of firearm offense carries a maximum statutory penalty of up to 15 years in prison, three years' supervised release, five years' probation, and $250,000 fine. The violation of supervised release offense carries a maximum statutory penalty of up to two years in prison and three years' supervised release.

//

---

[1] PSR ¶ 4.
[2] *See United States v. Booker*, 543 U.S. 220 (2005); *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007).

SECTION 3553(a) FACTORS

"The overarching statutory charge for a district court is to impose a sentence sufficient, but not greater than necessary" to achieve the goals of § 3553(a).[3] Those goals include the need to: (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment for the offense; (4) afford adequate deterrence to criminal conduct; (5) protect the public from further crimes of the defendant; and (6) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.[4] Section 3553(a) also directs the Court to consider additional factors, including: the nature and circumstances of the offense, § 3553(a)(1); the history and characteristics of the defendant, § 3553(a)(1); the kinds of sentences available, § 3553(a)(3); the sentencing guideline range, § 3553(a)(4); pertinent Sentencing Commission policy statements, § 3553(a)(5); the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and the need to provide restitution to any victims of the offense, § 3553(a)(7).

Mr. Rollins addresses these concerns below and argues that a combined total sentence of time served—reflecting the equivalent imposition of a total sentence of 22 months' custody[5]—would be sufficient but not greater than necessary to achieve the sentencing goals of §3553(a).

1. **The history and characteristics of the defendant and the nature and circumstances of the offense**

Mr. Rollins accepts full responsibility for his actions and offers no excuse for possessing a firearm as a previously convicted felon. Nonetheless, this Court is presented with a unique opportunity: to recognize both the misstep and the meaningful progress Mr. Rollins has made since his earlier incarceration.

During his childhood his father was addicted to cocaine but considered to be a functioning addict. After his parents separated, he was raised primarily by his mother and grandmother as his father went on to have another family. Mr. Rollins, now 39 years old, grew up in various locations in

---

[3] *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (internal quotations omitted).
[4] *See* 18 U.S.C. § 3553(a)(2).
[5] If the date entered custody is November 8, 2023, a 22-month sentence with good time credit would result in an anticipated release date of May 29, 2025—a total time in custody of 18.7 months (568.48 days).

DEF.'S SENT. MEMO.
*ROLLINS*, CR 24–064 WHA; CR 05-167 WHA

3

the Bay Area. All, however, were united by being environments plagued by poverty, violence, and systemic neglect. This was especially the case at his grandmother's home in Visitation Valley. Mr. Rollins was shot twice, once at 18 and again at 19.[6] When he was 18, he was shot as he was walking to a store—the assailant was never caught. At 19, he and his friend were shot as Mr. Rollins sat in the passenger seat of his friend's car. While stopped at a light, two people approached the car on foot and shot at the car as part of an attempted robbery. The perpetrators shot at both and the bullet fragments remain in Mr. Rollins and are too close to his spine to be removed without risk of paralysis.

Violence did not only happen to Mr. Rollins—two of his brothers were shot and killed in 2006.[7] Like many young men in his community, he was pulled into gang life at an early age and made grievous mistakes. At just 19 years old, Mr. Rollins was sentenced to 15 years in federal prison, where he served a significant portion of his adult life.

Upon release, Mr. Rollins returned to a community still facing the same structural challenges. Despite this, he sought to reintegrate: reconnecting with family, securing intermittent employment, and avoiding the violent lifestyle that defined his youth. He reconnected with his son Dante as a young adult and offered him both financial and emotional support.[8] Such reconnection was very important to Mr. Rollins as he had a number of regrets with how he previously lived his life. The one that affected him the most is that he missed out on the most formative years of his son's life. In his letter to the Court he writes how he "lost the chance to hold him as a baby, to teach him how to walk, to be the father he deserved."[9] Determined to make a good effort after his release, he became a supportive and attentive father to his son and partner to Kelvina Burton—his current girlfriend.[10] He began availing himself of weekly counseling and worked consistently.[11]

Mr. Rollins family members offer their continued support of him and consider him to be a loving and considerate person.[12] His cousin Ashley Smiley describes him as a:

---

[6] PSR ¶ 44.
[7] PSR ¶ 36.
[8] PSR ¶ 39.
[9] See Exhibit A (Letter from Ricky Rollins).
[10] See Exhibit E (Letter from Kelvina Burton).
[11] See PSR ¶¶ 45, 48.
[12] See Exhibits B-I.

charismatic and talented person and he has taken great strides to ground himself in positivity and forward motion by finding steady employment and most importantly, pouring himself completely into supporting his son and family and being a willing example to younger family members how easy it is to make choices as a youth that ripple throughout your entire life in ways seen and unseen.

Exhibit B. Letter from Ashly Smiley

His cousin Dematra writes:

> I reflect on the coach's words; Ricky is always trying to improve. I am not referencing basketball, but I do believe Ricky is trying to improve and become a better person. Yes, he has made past mistakes, but I know those mistakes does not define who my cousin is. I know Ricky can rise above and prove that he can reach his full potential. Ricky has countlessly pushed me and others to be the best version of ourselves.

Exhibit D. Letter from Ashly Smiley

And a close friend writes:

> Throughout the years, I have seen Rickey engage in various community efforts, whether it was gathering younger individuals who find themselves in similar circumstances to focus on sports or simply showing them, his wounds letting them know this is not a correct way of life. His willingness to help others, even when he has faced his own struggles, speaks volumes about his character. Rickey has a reputation for honesty, loyalty, and generosity, traits that are often difficult to find in the environment he navigates daily. His grandmother's knight in shining armor. Often caring for her daily needs. The strength and connection of his family means a lot to him.

Exhibit H (Letter from Joc Pierre Wilson)

On Mr. Rollins' 38th birthday, the home of Mr. Rollins' grandmother was searched pursuant to a search warrant obtained on belief that the location would contain evidence of Mr. Rollins' cousin George Washington involvement in a crime.[13] Mr. Rollins had stayed the night at his grandmother's house because the family had been celebrating his birthday and he anticipated needing to be up early in the morning to go to work. When his grandmother's home was searched, two guns were found, neither of which were linked to the shooting under investigation. The firearm found in this case, while inexcusable, was not used in the commission of any violent act, and Mr. Rollins did not pose a threat during the search.

---

[13] PSR ¶ 7.

Though challenging the circumstances how the gun was discovered on his person,[14] Mr. Rollins ultimately plead guilty with a conditional plea agreement and admitted his culpability.[15] Upon release from custody, Mr. Rollins seeks to continue the path of rehabilitation that he had been on. He now has young nieces and nephews that look up to him and he wants to model a different life for them. As he writes in his letter to the Court:

> But now, after having time to sit with my thoughts, I realize that the only person who can change my future is me. There is no beating the system. There is no shortcuts to a better life. There is only accountability, faith, and the hard work of making real changes.

Exhibit A (Letter from Ricky Rollins).

**2. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to criminal conduct**

The sentence imposed is significant and would promote respect for the law as it reflects a doubling of the sentence that Mr. Rollins received for a similar charge for possession of a firearm in 2022.

Mr. Rollins has a prior felony conviction from 2007. While Mr. Rollins prior conviction was a serious prior, it stems from conduct committed nearly two decades ago, when he was a teenager. He served significant time and was released with the intent of building a better life. The Court should take into account that Mr. Rollins has not been involved in violent conduct since his release and is striving to break free from the cycles of his past. A lengthy custodial sentence would not serve the interests of justice. Mr. Rollins is not a danger to the public and would benefit more from a structured, supervised environment in the community. Conditions of supervised release—such as mental health treatment, continued requirements for employment training, and even community service—would better support rehabilitation than further incarceration.

---

[14] PSR ¶ 65
[15] PSR ¶ 3.

3. **The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

Mr. Rollins requires no specific vocational training, medical care, or correctional treatment that would be supported by additional time in custody. He has graduated from high school[16] and anticipates being able to immediately return to work in construction and as a security guard immediately upon release.[17] He has strong ties in San Francisco and access to a stable home plan and is willing to engage in intensive supervision, mental health treatment programs, and job readiness training upon release.

4. **Any pertinent policy statement**

There is no applicable policy statement.

5. **The need to avoid unwarranted sentencing disparity**

Mr. Rollins has been in continuous custody since November 8, 2023. On May 27, 2025, Mr. Rollins will have been in custody 18 months and 19 days. His cousin and co-defendant in this case, George Washington, was sentenced on November 19, 2024, to 18 months' imprisonment, followed by a three-year term of supervised release.[18] At the time of his sentencing, Mr. Washington's guidelines were calculated to be 12-18 months—the same as Mr. Rollins'. Therefore, the two should have equivalent sentences.

Additionally, taking into consideration the application of good time credit, an 18-month sentence imposed in CR24-064 would have been completed on February 15, 2025. As a result, Mr. Rollins is requesting a time served sentence. Such a sentence would reflect the actual time he would serve on a 22-month sentence—an 18-month sentence for 24-064 WHA and a four-month consecutive sentence in CR 05-167 WHA.

---

[16] PSR ¶ 47.
[17] PSR ¶ 78.
[18] PSR ¶ 5.

**6. The need to provide restitution to any victims of the offense**

No individual has made a requestion for restitution.

OBJECTIONS TO CONDITIONS OF SUPERVISED RELEASE

Pursuant to 18 U.S.C. § 3583(d), district court judges may impose discretionary conditions of supervised release that are "reasonably related" to certain sentencing factors, and that "involve[] no greater deprivation of liberty than is reasonably necessary."[19] "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration" of the relevant factors.[20]

The Presentence Report contains recommendations for the following proposed condition:

> Proposed Special Condition No. 6. You must participate in an outpatient substance abuse program that includes treatment and testing, as directed by the probation officer. You are to pay for part or all the cost of treatment, in an amount not to exceed the total cost of urinalysis and counseling. You must adhere to a co-payment schedule as determined by the probation officer. You must not seek or obtain any prescription for the medical use of marijuana from any physician, and must abstain from the use of marijuana.

> Proposed Special Condition No. 7 You must abstain from the use of all alcoholic beverages.

Mr. Rollins objects to the imposition of both conditions. Mr. Rollins initially began his term of supervised release on July 30, 2018, and since that time he has not had a positive test for controlled substances nor had an issue with alcoholic beverages. The demonstrated lack of abuse of controlled substances or alcohol since 2018 do not justify the imposition of the proposed condition and would be a "greater deprivation of liberty" than is necessary.

> Proposed Standard Condition No. 9 You must not communicate or interact with someone you know is engaged in criminal activity. You must not associate, communicate, or interact with any person you know has been convicted of a felony, unless granted permission to do so by the probation officer.

---

[19] 18 U.S.C. § 3553(a).
[20] *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012).

Mr. Rollins has several family members who have previously been convicted of felonies including his grandmother, cousin, brother, and sister. He would propose that the language of the condition be modified to remove the last sentence to instead read:

> Proposed Standard Condition No. 9 You must not communicate or interact with someone you know is engaged in criminal activity.

In doing so, the Court could "craft alternative language that achieves the legitimate purposes of supervised release without sweeping too broadly."[21]

## CONCLUSION

Mr. Rollins understands the gravity of his actions and stands before the Court as someone seeking another chance. He has expressed remorse, has not reoffended violently, and seeks support in turning the page on a troubled past. A sentence of time served with a robust term of supervised release would serve the goals of sentencing while recognizing Mr. Rollins' humanity and potential for rehabilitation.

For all the reasons set forth above, Mr. Rollins respectfully requests that the Court impose a sentence of time served in both CR24-064 and CR 05-167. Mr. Rollins requests supervision of three years in CR 24-064 and no supervision to be imposed in CR 05-167. Such a sentence is sufficient but not greater than necessary to achieve the sentencing goals laid out in § 3553(a).

//

---

[21] *See United States v. Johnson*, 626 F.3d 1085, 1091 (9th Cir. 2010).

|   |   |
|---|---|
| Dated: May 20, 2025 | Respectfully submitted,<br><br>JODI LINKER<br>Federal Public Defender<br>Northern District of California<br><br>         /S<br>CANDIS MITCHELL<br>Assistant Federal Public Defender |