PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6840
    FAX: (415) 436-7234
    Email: kevin.barry@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 24-CR-0064 WHA |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | Hearing Date: May 27, 2025 |
| RICKY ROLLINS, | Hearing Time: 2:00 pm |
| Defendant. | Hon. William Alsup |

## INTRODUCTION

The Defendant, Ricky Rollins, stands before the Court to be sentenced after his guilty plea to a violation of Title 18, United States Code, Section 922(g)(1), being a felon in possession of a firearm. The government respectfully submits this sentencing memorandum to indicate that it has no objection to the Presentence Report and to recommend that the Court impose a sentence at the high end of the Guidelines range of 18 months. The government also recommends that the Court consider Defendant Rollins' guilty plea to be an admission of the conduct alleged in the Form 12 petition in the related case No. 05-CR-0167 WHA, and that it impose a consecutive sentence at the high end of the Guidelines for those violations—14 months, for a total of 32 months in custody.

**DEFENDANT'S OFFENSE CONDUCT**

Defendant Rollins and co-defendant George Washington were present at Rollins' grandmother's residence at 1765 Sunnydale Avenue in San Francisco on November 8, 2023, when San Francisco Police Department (SFPD) officers executed a search warrant looking for firearms.  The search warrant was based on probable cause that Washington played some role in an earlier attempted murder.  *See* ECF No. 54-1 at 17-51 (search warrant affidavit).  Prior to the execution of that search, the leader of the search team conducted a patdown of the individuals in the residence, including Rollins.  During that patdown, officers discovered a a Glock 32 model firearm bearing serial number BFDV591 that Rollins had hidden in his crotch.

At the time of the search, Rollins was serving a five-year term of supervised release following his 15-year sentence for RICO conspiracy.  In Case No. 05-CR-0167 WHA, Defendant admitted participating in the racketeering activities of the Down Below Gang (DBG), a street gang in San Francisco.  One specific act of the gang in which Rollins participated was the April 15, 2005 murder of Beverly Robinson, whom DBG members believed had stolen a firearm.  After confronting Robinson, several DBG members pulled out firearms and shot him to death.  Rollins was part of the confrontation, but he was not one of the shooters.  Another act was his participation in shooting at a rival gang member on September 15, 2005.  PSR ¶ 28.

After his release from custody in Case No. 05-CR-0167, Rollins violated the terms of his supervised release in connection with a shooting in Napa, CA.  Case No. 05-CR-0167 WHA, Dkt. 2237 (Nov. 9, 2023 Form 12).  Among other violations, Rollins admitted possessing a firearm and ammunition.  *Id.*  The Court sentenced Rollins to a term of 9 months in custody followed by 51 months of supervised release.

**SENTENING GUIDELINES CALCULATION**

The government agrees with the Presentence Report's calculation of Defendant's adjusted offense level of 12 and status of CHC III.  PSR ¶¶ 23, 31.  This results in a Guidelines range of 12-18 months.

For the supervised release violation, the government agrees with the calculation of the Guidelines range of 8-14 months in the Form 12 in Case No. 05-CR-0167 WHA.  *Id.*, Dkt. 2237 at 4.

**SECTION 3553(A) FACTORS**

The factors listed under 18 U.S.C. § 3553(a) direct the Court to impose a sentence that is sufficient, but not greater than necessary, to achieve the goals of sentencing. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The key factors in this case are the nature and circumstances of the offense and the history and characteristics of the defendant, 3553(a)(1), and the need for deterrence, 3553(a)(2)(B).

With respect to the offense and Defendant's history, the Court is confronted with a circumstance where a 15-year prison sentence was insufficient to deter future criminal conduct. In terms of supervised release, a 9-month sentence was likewise insufficient. On the one hand, this calls for a significant prison term. On the other hand, the current offense does not feature any violence. Rather, Defendant attempted to hide a firearm from the police during an early-morning search of his grandmother's residence, where officers were searching for his cousin. He was not armed in public, and he did not use the firearm in connection with another crime.

This case also features Rollins' association with another member of DBG, Co-defendant George Washington, after a lengthy prison sentence for this same conduct. However, Washington is also Rollins' cousin, and Washington and Rollins were both staying at a family member's residence.

While the Guidelines account for a defendant's criminal history in determining a sentencing range, Defendant's most recent prior conviction was considerably more serious than others that produce three criminal history points, and the length of his prior term in custody was considerable. In this way, Rollins' case lies outside "the 'heartland'" of cases "to which the Commission intends individual Guidelines to apply." *Kimbrough v. United States*, 552 U.S. 85, 89 (2007). This supports a variance beyond the Guidelines range. Making the supervised release violation sentence consecutive to a high-end Guidelines sentence in this case can serve the same purpose.

Further, a sentence at the high-end of the Guidelines range for the supervised release violation will address the fact that the Court's prior term of 9 months for similar conduct—violation of the Court's trust through possession of a firearm—was insufficient deterrence.

//

//

# CONCLUSION

For the foregoing reasons, the government respectfully recommends that the Court sentence Defendant Ricky Rollins to a total term of 32 months—18 months for the conduct in this case, followed by a consecutive term of 14 months for the supervised release violation in Case No. 05-0167 WHA—three years of supervised release, and a $100 special assessment. The government also requests that the Court order forfeiture of the firearms and ammunition in this case.

DATED: May 22, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

          /s/
KEVIN J. BARRY
Assistant U.S. Attorney